HORACE WADSWORTH *v.* ALANSON M. CLARK, Trustee of
THOMAS CLARK.

Where a person, sued as trustee, disclosed that a suit in chancery was commenced by the principal debtor against him, calling for an account, &c., and was set down for trial, on the bill, answer and testimony, before the service of the trustee process, and was heard by the chancellor before filing the disclosure, but not decided;—it was held that he was not chargeable under the trustee process.

THIS was a trustee process. In the county court the said Alanson M. Clark made his disclosure, in writing, setting forth that the principal debtor, Thomas Clark, in 1835, conveyed to him a large amount of property for the purposes and upon the conditions and trusts set forth in the instrument of conveyance; that said Thomas, at the January term of the supreme court for Franklin county, brought his bill in chancery against the said Alanson M., stating, among other things, that said conveyance was obtained by artifice and undue influence, and that said Alanson M. was liable to the said Thomas for all the personal property so conveyed. And the said Alanson M. in his said disclosure, further set forth that said bill in chancery was still pending; that in his answer thereto, he had denied that he had in his possession, upon a just settlement of said trust, any goods, chattels, rights or credits of the said Thomas. It appeared that testimony had been taken in said suit in chancery and that the case was set down for trial before the service of the trustee process and was heard by the chancellor before the disclosure and continued for the decision of the court.

The county court adjudged that the said Alanson M. was not chargeable, as trustee of the said Thomas, and dismissed the said Alanson M. with costs. To which judgment the plaintiff excepted.

*A. G. Whittemore,* for plaintiff.

*A. O. Aldis,* for A. M. Clark.

The opinion of the court was delivered by

BENNETT, J.—It is apparent that all the property which has gone into the possession of Alanson M. Clark, from

Thomas Clark, by means of which the plaintiff now seeks to charge Alanson, as the trustee of Thomas Clark, is involved in the proceedings of the chancery suit of Thomas Clark. That suit had been set down for a hearing before this suit was brought; and a hearing in fact was had by the chancellor, before the disclosure in this case was filed, though the case was still with the chancellor for advisement. We cannot anticipate the chancellor's decree, and Alanson must perform it at his peril. If the trustee in this case should be made chargeable, he might be compelled to pay the demand a second time. The doctrine of the Massachusetts courts is, that a demand in suit cannot be reached by a trustee process, unless, by their rules of practice, the cause is in that situation that the party can interpose the proceedings in the trustee suit in bar of the action ; but if he can, the pendency of the suit is no objection. The case of *Trombly & Sax* v. *Clarks*, 13 Vt. R. 123, recognizes the same doctrine. Though this case is under the revised statutes, still they do not apply to a case pending in chancery. The proceedings of that court can in no way be arrested, and we think it is clear that the matters involved in the chancery suit, which had in fact gone down to a hearing before this disclosure was filed, should not be subject the trustee process.

In this view of the case, we have no occasion to inquire whether, from the facts disclosed, we should otherwise hold the trustee chargable.

The judgment of the county court is affirmed.